IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re:  )  Case No.: 15-41030
Matt Devita  )  Chapter 7
 )
       Debtor(s).  )  Judge Deborah L. Thorne

## DEBTOR'S RESPONSE TO MEMORANDUM

NOW COMES the Debtor, Matt Devita, by and through his attorney, The Law Offices of Cutler & Associates, Ltd. and hereby RESPONDS to Creditor's MEMORANDUM, by stating the following:

1. Debtor denies to the allegation(s) of paragraph one (1).

    **Answer:** Debtor, Matt Devita, filed for a chapter 7 bankruptcy on December 2, 2015.

2. Debtor denies to the allegation(s) of paragraph one (2 and 3).

    **Answer:** Debtor was not holding any money for Gary Glasper in a fiduciary capacity, Gary Glasper stayed a month over the agreed upon lease and did not pay for that extra month, the security deposit was used towards the extra month, this was clearly stated in Gary Glasper's lease agreement. The Debtor did not falsely submit his bankruptcy petition and there was no embezzlement of any money.

3. Debtor admits to the allegation(s) of paragraph one (4).

4. Debtor admits to the allegation(s) of paragraph one (5).

5. Debtor admits to the allegation(s) of paragraph one (6).

6. Debtor admits to the allegation(s) of paragraph one (7).

7. Debtor admits to the allegation(s) of paragraph one (8).

8. Debtor has a lack of knowledge to the allegation(s) of paragraph one (9), However, Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of a debt shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to Sec. 341(a). That on March 22, 2016 the creditor, Gary Glasper, was given an extension to file a complaint to determine dischargeability of a debt until May 24, 2016. The creditor, Gary Glasper, knew on March 22, 2016 how long he had to file the complaint.

9. Debtor has a lack of knowledge to the allegation(s) of paragraph one (10).

10. Debtor has a lack of knowledge to the allegation(s) of paragraph one (11).

11. Debtor has a lack of knowledge to the allegation(s) of paragraph one (12).

12. Debtor admits to the allegation(s) of paragraph one (13).

13. Debtor admits to the allegation(s) of paragraph one (14).

14. Debtor admits to the allegation(s) of paragraph one (15).

15. Debtor admits to the allegation(s) of paragraph one (16).

16. Debtor admits to the allegation(s) of paragraph one (17).

17. Debtor admits to the allegation(s) of paragraph one (18).

18. Debtor admits to the allegation(s) of paragraph one (19).

19. Debtor admits to the allegation(s) of paragraph one (20). However, the creditor, Gary Glasper in this case was granted an extension of time to May 24, 2016 and then on June 14, 2016 after the extension filed a Motion to extend time to file complaint to determine dischareability and a Complaint to determine dischareability, this filing is untimely.

20. Debtor admits to the allegation(s) of paragraph one (21).

21. Debtor admits to the allegation(s) of paragraph one (22).

22. Debtor admits to the allegation(s) of paragraph one (23).

23. Debtor admits to the allegation(s) of paragraph one (24).

24. Debtor denies to the allegation(s) of paragraph one (25).

**Answer:** The facts of this case not the same as in Rand, 144 B.R 253 (Bankr. S.D.N.Y. 1992) The creditor, Gary Glasper, in the instant case was given an extension to file a complaint to determine dischargeability of a debt until May 24, 2016. The creditor, Gary Glasper, knew on March 22, 2016 how long he had to file the complaint. Bankruptcy Rules 4004 (a) and (b) and 9006 (b)(3), afford the Debtor an affirmative defense to a complaint filed outside the Rules 4004 (a) and (b) time limits.

25. Debtor admits to the allegation(s) of paragraph one (26).

26. Debtor admits to the allegation(s) of paragraph one (27).

27.     Debtor has a lack of knowledge to the allegation(s) of paragraph one (28).

**Answer:** The creditor, Gary Glasper, filed the motion to extend time on March 14, 2016 with a representation he would be seeking assistance, he knew on that day he needed to look for assistance and did not seek it out in a timely manner, the Debtor in this case should not be prejudiced by creditor's lack of disregard, the creditor, Gary Glasper, had ample time to seek out assistance.

28.     Debtor denies to the allegation(s) of paragraph one (29).

**Answer:** The March 14, 2016 filing was not a complaint that stated why under 11 U.S. Code section 523 the debt should be non-dischargeable, it was a Motion to extend time to file a complaint to determine dischargeabiity of a debt, nothing in the motion alleged any misconduct by the Debtor, there were no allegations cited.

**Wherefore,** the Debtor requests that this Honorable Court deny the Creditor's Motion to extend time to determine the dischareability of debt based on the untimely filing, the creditor has not provided sufficient authority as to why this motion should be granted and for any other such equitable relief as this Court may deem just and proper.

Dated: July 11, 2016                              Respectfully Submitted,

                                                  By:    /s/ David H. Cutler
                                                         David H. Cutler, esq.,
                                                         Counsel for Debtor(s):
                                                         Cutler & Associates, Ltd.
                                                         4131 Main St.
                                                         Skokie, IL 60076
                                                         Phone: (847) 673-8600